IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MANUEL SALVADOR MEZA-HERNANDEZ** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **J.L. JAMISON**, in his official capacity as Warden of Federal Detention Center, Philadelphia, **BRIAN MCSHANE**, in his official capacity as Acting Philadelphia Field Office Director, United States Immigration and Customs Enforcement, **TODD LYONS**, in his official capacity as Acting Director of Immigration and Customs Enforcement, Secretary of the DHS **KRISTI NOEM**, in her official capacity as Secretary of the Department of Homeland Security, **DEPARTMENT OF HOMELAND SECURITY**, **PAMELA BONDI**, Attorney General of the United States | : : : : : : : : : : : : : | **NO. 25-7260** |

## ORDER

**NOW**, this 23rd day of December, 2025, upon consideration of Petitioner Manuel Salvador Meza-Hernandez's Petition for Writ of Habeas Corpus (Doc. No. 1) and the government's opposition, **IT IS ORDERED** that the petition is **GRANTED**.

**IT IS FURTHER ORDERED** that:

1. Meza-Hernandez is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. The government shall release Meza-Hernandez from custody immediately and certify compliance with this order by filing proof of his release on the docket no later than **10:00 A.M. E.T.** on **December 24, 2025**.

3. The government is temporarily enjoined from re-detaining Meza-Hernandez for seven days following his release from custody.

4.      If the government pursues re-detention of Meza-Hernandez, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

5.      The government shall not remove, transfer, or otherwise facilitate the removal of Meza-Hernandez from the Eastern District of Pennsylvania prior to the ordered bond hearing.

6.      If the immigration judge determines Meza-Hernandez is subject to detention under 8 U.S.C. § 1226(a), the government may request permission to move Meza-Hernandez if unforeseen or emergency circumstances arise that require his removal from the Eastern District of Pennsylvania.  That request must set forth the grounds for the request and a proposed destination.[1]

TIMOTHY J. SAVAGE, J.

---

[1] Meza-Hernandez, a citizen of Nicaragua, entered the United States on November 30, 2022 without inspection.  Pet. Writ Habeas Corpus ("Pet.") ¶¶ 18–19, ECF No. 1. Meza-Hernandez has a pending asylum application and has been issued U.S. work authorization.  *Id.*  He lives and works in Northampton County, Pennsylvania. *Id.* ¶ 20.

On December 17, 2025, Immigration and Customs Enforcement ("ICE") detained Meza-Hernandez at a routine ICE check-in without a stated justification.  *Id.* at 2.  He has since been held at the Federal Detention Center in Philadelphia.  *Id.* at 2–3.  Upon his arrest, ICE issued a notice to appear before an immigration judge "to show why [Meza-Hernandez] should not be removed from the United States[.]" *See* Notice to Appear, Ex. A to Pet., ECF No. 1. Meza-Hernandez has been unable to seek review of his custody determination by an immigration judge, and no bond has been set.  *Id.*

The government contends that detaining Meza-Hernandez without a bond hearing is lawful under 8 U.S.C. § 1252(b)(2).  *See* Resp. Opp. to Pet. Writ Habeas Corpus, at 10–16, ECF No. 3.  Section 1225(b)(2) does not apply to individuals like Meza-Hernandez, who are not actively trying to enter the country, but have been living here for an extended period.  *See Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *1, *4–5 (E.D. Pa. Nov. 18, 2025).  The provision that applies to Meza-Hernandez is 8 U.S.C. § 1226(a).  That provision mandates a hearing.  *See* 8 C.F.R. §§ 1236.1(c)(8), (d).

We have held in a nearly identical case where the parties made the same arguments that detention without a bond hearing violates 8 U.S.C. § 1226(a) and the Due Process clause of the Fifth Amendment. *See Diallo v. O'Neill et al.*, Civ. A. No. 25-6358, 2025 WL 3298003, at *4–6 (E.D. Pa. Nov. 26, 2025).  The same reasoning applies here.